751 A.2d 165

**CRANBERRY PARK ASSOCIATES, a Limited Partnership, by Rocco V.IOLA, Jr.,**

v.

**CRANBERRY TOWNSHIP ZONING HEARING BOARD,**
**Cranberry Park Associates, a Limited Partnership,**
**by Rocco Viola, Jr.,**

v.

**Cranberry Township Board of Supervisors,**

v.

**Cranberry Township Board of Supervisors,**

v.

**Zoning Hearing Board of Cranberry Township.**

**Appeal of Cranberry Park Associates, a Limited Partnership by Rocco Viola, Jr.**

Supreme Court of Pennsylvania.

Argued March 6, 2000.

Decided May 18, 2000.

Richard L. Rosenzweig, Pittsburgh, for Cranberry Park & Rocco Viola.

Neva L. Stanger, Pittsburgh, for Cranberry Tp.

Philip P. Lope, Zelienople, for Cranberry Zoning Hearing Bd.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NIGRO, Justice.

Appellant Cranberry Park Associates ("CPA") appeals the Commonwealth Court's order affirming the Board of Supervisor's ("Board") order dismissing CPA's appeal as untimely. For the reasons that follow, we reverse.

On April 21, 1995, CPA, a limited partnership, filed an application for a grading permit pursuant to Cranberry Township's Grading Ordinance ("Ordinance"). While the application was pending, CPA began grading operations without a grading permit. On May 30, 1995, the Director of the Department of Code Administration of the Township denied the application for a grading permit because CPA failed to provide certain data required by the Ordinance. In addition, the Director issued a notice of violation and a stop work order, finding that CPA willfully violated the Ordinance. CPA filed an appeal with the Board from the permit denial, notice of violation and stop work order on June 27, 1995. The next day, another attorney for CPA filed two separate appeals with the Board and the Zoning Hearing Board, challenging the validity of the Ordinance because it was never numbered, dated, signed or recorded.

After a hearing, the Board concluded that the Zoning Hearing Board lacked jurisdiction to hear the appeal.[1] Turning to the merits of CPA's challenge to the validity of the Ordinance, the Board held that the failure to number, date, sign or record the Ordinance was not a fatal defect to its existence and effect. Furthermore, the Board found that CPA's challenge to the validity of the Ordinance based on the failure to record [2] was procedural in nature and thus barred by

1. The Board based its decision on 53 P.S. § 10909.1, which limits the jurisdiction of zoning hearing boards to matters involving land use ordinances. 53 P.S. § 10909.1. Since the grading ordinance was not a "land use" ordinance pursuant to the definition set forth in 53 P.S. § 10107(b), the Board concluded that the Zoning Hearing Board did not have jurisdiction.

On the other hand, the Zoning Hearing Board concluded that it did have jurisdiction pursuant to 53 P.S. § 10909.1(a)(3), which confers to zoning hearing boards jurisdiction over "[a]ppeals from the determination of a zoning officer, including, but not limited to the granting or denial of any permit." 53 P.S. § 10909.1(a)(3). Nonetheless, the Zoning Hearing Board held that the appeal was barred by res judicata and collateral estoppel because the Board had decided the merits of CPA's appeal.

2. Though the Ordinance was not numbered, dated, signed or recorded, the Board based its conclusion solely on the lack of recordation. The Board stated: "The Second Class Township Code does not require that

42 Pa.C.S. § 5571(c)(5), which requires that claims involving procedural defects be raised by appeal within thirty days after the effective date of the ordinance. *See* 42 Pa.C.S. § 5571(c)(5). The Board found that the Ordinance was passed on July 16, 1987, and that it became effective on July 21, 1987. *See* Bd. of Supervisors Conclusions of Law, No. 59. Since the appeal was filed in 1995, well over the thirty day limit of § 5571(c)(5), the Board denied the appeal as untimely filed and the CPA subsequently appealed to the Court of Common Pleas.

The Court of Common Pleas affirmed the decision of the Board, finding CPA's challenge to the validity of the Ordinance was procedural and thus barred because the appeal was not brought within thirty days of the effective date. On appeal, the Commonwealth Court affirmed.[3] Now we must determine whether the Board properly found that CPA's challenge to the validity of the Ordinance was untimely.[4]

CPA argues that the Ordinance never became effective because it was never signed, dated, numbered or recorded. Since the Ordinance was never recorded, CPA argues that it did not even know the Ordinance existed, and thus had no basis to challenge the Ordinance within the first thirty days. Thus, CPA characterizes the Ordinance as void *ab initio*. We agree.

Township ordinances enjoy a presumption of validity and the burden is on the challenger to prove the ordinance's invalidity. *Commonwealth v. Ashenfelder,* 413 Pa. 517, 520,

an ordinance be recorded in the ordinance book to be valid." Bd. of Supervisors Conclusions of Law, No. 52.

3. The Commonwealth Court also reversed the trial court's order in part on an issue not before this Court.

4. In reviewing the Board's decision, we note that our analysis is limited to "determining whether the Board abused its discretion, committed an error of law, or made findings of fact not supported by substantial evidence." *Upper Salford Township v. Collins,* 542 Pa. 608, 611, 669 A.2d 335, 337 (1995). Furthermore, when an appeal presents a question of law, such as the present case, our scope of review is plenary. *Kmart Corp. v. Workers' Compensation Appeal Board (Fitzsimmons),* 748 A.2d 660, 662 (Pa.2000).

198 A.2d 514, 515 (1964). Furthermore, "[q]uestions relating to an alleged defect in the process of enactment or adoption of any ordinance ... shall be raised by appeal commenced within 30 days after the *effective date* of the ordinance." 42 Pa.C.S. § 5571 (emphasis added). The effective date of the Ordinance at issue here must be determined by referring to The Second Class Township Code, 53 P.S. § 65741.[5]

Section 65741 plainly states that: "[Township] ordinances *shall be recorded in the ordinance book* of the township and *shall become effective five days after such adoption.*" 53 P.S. § 65741 (emphasis added). Pursuant to the Statutory Construction Act, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903(a). Here, the word "shall" denotes a mandatory, not permissive instruction. *See Commonwealth v. Strader*, 548 Pa. 208, 696 A.2d 151 (1997) ("By definition, 'shall' is mandatory") (citation omitted); *see also* BLACK'S LAW DICTIONARY 1375 (6th ed. 1990) ("As used in statutes, contracts, or the like, this word is generally imperative or mandatory.... The word in ordinary usage means 'must' and is inconsistent with a concept of discretion."); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2085 (1993) (The first definition of shall states: "1a: will have to; must"). Thus, the statute requires that an ordinance be recorded in the ordinance book.

5.   Section 65741 states in relevant part:
     § 65741   Ordinances
     To adopt ordinances prescribing the manner in which such specific powers of the township shall be carried out.  All such ordinances, unless otherwise provided by law, shall be published prior to passage at least once in one newspaper circulating generally in the township. *Such ordinances shall be recorded in the ordinance book of the township and shall become effective five days after such adoption.*
     53 P.S. § 65741 (emphasis added).
     Section 65741 has been repealed and recodified at 53 P.S. § 66601. Appellee argues that § 66601 provides the applicable law for the analysis of the case at bar.  However, since § 65741 was in effect in July of 1987, the time the Ordinance was passed, that section applies in our analysis determining the effective date of the Ordinance.  Thus, Appellee's reliance on § 66601 is misplaced.

■ After requiring that an ordinance be recorded in the ordinance book, the statute next states that the ordinance "shall become effective five days after such adoption." 53 P.S. § 65741. "Such" is defined as: "Identical with, being the same as what has been mentioned." BLACK'S LAW DICTIONARY 1432 (6th ed. 1990) (" 'Such' represents the object as already particularized in terms which are not mentioned, and is a descriptive and relative word, referring to the last antecedent."); *see also* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2283 (1993) (The first definition of "such" states: "2a. having a quality already or just specified—used to avoid repetition of a descriptive term ... of the sort or degree previously indicated or implied ... previously characterized or specified: aforementioned"). When the two clauses of the sentence are read together, it is clear that "such adoption" refers to recordation in the ordinance book of the township.[6] Thus, an ordinance becomes effective only after it has been properly recorded in the ordinance book.

Moreover, this Court has maintained a steadfast position in interpreting § 65741 of the Second Class Township Code. In *Lower Gwynedd Township v. Gwynedd Properties, Inc.*, this Court had to determine whether an ordinance that was adopted without meeting the mandatory publication formalities was void. 527 Pa. 324, 591 A.2d 285 (1991). After a review of the relevant case law, this Court "reiterate[d its] consistent view that the statutory steps for enactment of ordinances are *mandatory and nonwaivable.*" *Id.* at 325, 591 A.2d at 286 (emphasis added). Furthermore, this Court stated that the principle gleaned from the case law is that "the procedures established by the legislature for the enactment of ordinances *must be followed strictly in order for an ordinance to be valid.*" *Id.* at 327, 591 A.2d at 287 (emphasis added).

In the case at bar, the procedures for enacting the ordinance were not followed and thus the ordinance is invalid. The Board found, based on its review of its minutes, that the Ordinance was passed on July 16, 1987. Bd. of Supervisors

6. *See supra* footnote 5 for the full text of § 65741 that introduces the language in question.

Findings of Fact, No. 13. As of 1995, eight years after the Ordinance was passed, the Ordinance was still not numbered, dated, signed or recorded. Bd. of Supervisors Findings of Fact, No. 16. The Ordinance was never recorded in the ordinance book of the township, thus it never became effective. 53 P.S. § 65741; *see also Lower Gwynedd Township,* 527 Pa. at 327, 591 A.2d at 287. Since the Ordinance never became effective, Appellee's reliance on § 5571 of the Judicial Code to argue that CPA's challenge is untimely is unpersuasive. Accordingly, we find Appellant's claim is not time barred and therefore reverse the order of the Commonwealth Court and remand for further proceedings consistent with this opinion.