850 A.2d 619

Timothy J. SCHADLER, Appellant

v.

ZONING HEARING BOARD OF WEISENBERG
TOWNSHIP, Appellee.

Weisenberg Township (Board of Supervisors), Intervenor.

Supreme Court of Pennsylvania.

Argued Dec. 4, 2003.

Decided May 14, 2004.

Jon A. Swartz, Charles E. Zaleski, for Timothy J. Schadler.

John Edward Roberts, Allentown, for Weisenberg Township Board of Supervisors.

Maria C. Mullane, Allentown, for Zoning Hearing Bd. of Weisenberg Tp.

Before: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## OPINION

Justice NIGRO.

We granted allowance of appeal in this zoning case to determine whether the Commonwealth Court erred in finding that a challenge to the validity of a zoning ordinance based on procedural defects in the ordinance's enactment was time-barred because it was filed more than thirty days after the ordinance's nominal effective date. For the following reasons, we hold that the court did err and we therefore reverse.

Appellant Timothy J. Schadler is the owner of approximately 41 acres of land in a rural-residential zoning district in Weisenberg Township, Lehigh County (the "Township"). In August 1997, Schadler, seeking permission to build a mobile home park on his property, filed a curative amendment with the Township's Zoning Hearing Board (the "ZHB"), alleging that the zoning ordinances then in effect in the Township placed unreasonable restrictions on mobile home parks and were therefore invalid.

In 1999, while Schadler's curative amendment was still pending, the Township Supervisors (the "Supervisors") began taking steps to enact a new zoning ordinance entitled "Proposed Ordinance 99–4 Mobile Home Parks" (the "Ordinance"), which would comprehensively regulate the construction, use,

and maintenance of mobile home parks in the Township. The Supervisors held at least three separate meetings to discuss the proposed Ordinance and accept public comments, advertising each meeting in a local newspaper, the *East Penn Press,* as follows:

(1) A notice on July 28, 1999 that they would "conduct Hearings in the Municipal Building, 2175 Seipstown Road, Fogelsville, Pa. 18051, for the following considerations ... Oct. 4, 1999—7 p.m.—Proposed Ord. 99-4, Mobile Home Parks."

(2) A notice on October 13, 1999, which read: "The following special meetings are scheduled for Weisenberg Township, Lehigh County, Pa. to be held at 2175 Seipstown Road, Fogelsville, Pa. 18051 ... Nov. 1, 1999—7:15 p.m.—Public hearing on proposed Mobile Home Park Ordinance."

(3) A notice on February 2, 2000 that they would "conduct a Public Hearing on a Mobile Home Park Ordinance proposal on Monday, February 7, 2000 at 7:00 P.M. in the Municipal Building, 2175 Seipstown Road, Fogelsville, Pa. 18051."

At the close of the third such meeting, on February 7, 2000, the Supervisors voted to adopt the Ordinance and declared that it would take effect six days later, on February 13, 2000.

On August 31, 2000, two hundred days after the Ordinance's stated effective date, Schadler filed a challenge with the ZHB, claiming that the Ordinance was invalid due to the Supervisors' failure to comply with certain statutory requirements governing the procedure for enacting municipal ordinances. Specifically, Schadler contended that the Supervisors' enactment of the Ordinance violated section 506 of the Municipalities Planning Code (the "MPC"), 53 P.S. § 10506, and section 1601 of the Second Class Township Code (the "SCTC"), 53 P.S. § 66601, each of which mandate, *inter alia,* that a municipality enacting a new ordinance must first either (a) publish the full text of the proposed ordinance in a newspaper of general circulation; or (b) publish a notice containing the title and a brief summary of the ordinance in a newspaper of general circulation, while also providing the newspaper with a copy of the full text and filing an attested copy of the full text

in the county law library or other designated county office.[1] In addition, the two statutes require the municipality to publish newspaper notices designating a place where the public can examine the Ordinance's text. Significantly, the Township conceded that the Supervisors failed to follow these requirements, as none of their three notices included either the full text of the Ordinance or a brief summary of the Ordinance, and as none of the notices designated a place where the public could examine the full text.[2] Nevertheless,

1. Section 506(a) of the MPC reads, in full:

Proposed subdivision and land development ordinances and amendments shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section, and shall include the time and place of the meeting at which passage will be considered, a reference to a place within the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof. The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than seven days prior to passage. Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail. If the full text is not included:

(1) A copy thereof shall be supplied to a newspaper of general circulation in the municipality at the time the public notice is published.

(2) An attested copy of the proposed ordinance shall be filed in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual costs of storing said ordinances.

53 P.S. § 10506(a). The full text of section 1601(a) of the SCTC is reproduced in note 6, *infra*.

2. Schadler also alleged that the Supervisors failed to record a copy of the Ordinance in the Township ordinance book after its enactment, in violation of 53 P.S. § 66601(a). While the Supervisors admitted before the ZHB that they discontinued their practice of recording ordinances in an "Ordinance Book" circa 1990, they argued that they had since satisfied 53 P.S. § 66601(a) by maintaining an "Ordinance Log," a handwritten ledger that catalogs the titles, numbers, and enactment dates of all Township ordinances. *See* ZHB Op. at 4. The ZHB agreed with the Supervisors and declared that the "Ordinance Log" satisfied 53 P.S. § 66601(a), even though the log does not include the full texts of the enacted ordinances. *See* ZHB Op. at 12. On appeal, both the trial court and the Commonwealth Court resolved this case on other grounds and Schadler does not address the Supervisors' compliance with the recordation requirement in his brief to this Court. According-

the ZHB dismissed Schadler's claim, concluding that it was untimely under section 909.1(a)(2) of the MPC, 53 P.S. § 10909.1(a)(2),[3] and section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5),[4] each of which requires procedural challenges to the validity of a land use ordinance to be raised within thirty days of the ordinance's effective date.

Schadler appealed the ZHB's dismissal to the trial court, which reversed, stating that the Supervisors' failure to follow statutory procedural requirements had rendered the Ordinance void *ab initio.* As a result, the trial court reasoned that the Ordinance had no effective date at all, and thus, the thirty-day time limit for procedural challenges was not applicable.

The Township appealed to the Commonwealth Court, which heard the matter *en banc.* On appeal, Schadler argued that the trial court's ruling should be affirmed because it was consistent with this Court's decision in *Cranberry Park Assocs. ex rel. Viola v. Cranberry Township Zoning Hearing Bd.,* 561 Pa. 456, 751 A.2d 165 (2000), in which we held that the thirty-day limitations period in 42 Pa.C.S. § 5571(c)(5) did

ly, for purposes of this appeal, we need not consider whether recordation in the "Ordinance Log" in fact satisfied the recordation requirement.

3. Section 909.1(a) of the MPC reads:

The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:
* * * *
(2) Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption which challenges shall be raised by an appeal taken within 30 days after the effective date of said ordinance. . . .

53 P.S. § 10909.1(a).

4. On August 31, 2000, the date on which Schadler filed his challenge with the ZHB, section 5571(c)(5) of the Judicial Code read: "Questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision shall be raised by appeal commenced within 30 days after the effective date of the ordinance, resolution, map or similar action." 42 Pa.C.S. § 5571(c)(5) (prior to 2002 amendment). The General Assembly has since amended this subsection. *See* Act of December 9, 2002, P.L. 1705, No. 215, § 3. However, the amended section 5571(c)(5) is only applicable to challenges that were commenced after December 31, 2000 and thus, is not applicable here. *See* Act of December 9, 2002, P.L. 1705, No. 215, § 6.

not bar a procedural challenge to a defectively enacted township ordinance, as those procedural infirmities had rendered the ordinance void *ab initio*. *See id.* at 165–67. However, a four-judge majority of the *en banc* panel disagreed, instead finding that *Cranberry Park* was not controlling because unlike the instant case, which hinged on the interpretation of section 1601 of the SCTC, 53 P.S. § 66601, *Cranberry Park* was based on section 1741 of the SCTC, 53 P.S. § 65741, a predecessor to section 1601.[5] Moreover, according to the majority, section 1601, unlike repealed section 1741, mandates that the thirty-day limitations period for procedural challenges always begins ticking on an ordinance's nominal effective date, irrespective of procedural defects in the ordinance's enactment.[6] Thus, the majority rejected Schadler's argu-

---

5.  Section 1741 was repealed by Act of November 9, 1995, P.L. 350, No. 60, §§ 1, 3701. *See also Cranberry Park*, 751 A.2d at 167 n. 5. It read, in relevant part: "All such ordinances, unless otherwise provided by law, shall be published prior to passage at least once in one newspaper circulating generally in the township. Such ordinances shall be recorded in the ordinance book of the township and shall become effective five days after such adoption." *See id.* (quoting 53 P.S. § 65741) (emphasis omitted).

6.  Section 1601(a) of the SCTC reads, in relevant part:

    All proposed ordinances ... shall be published not more than sixty days nor less than seven days before passage at least once in one newspaper circulating generally in the township. Public notices shall include either the full text or a brief summary of the proposed ordinance which lists the provisions in reasonable detail and a reference to a place within the township where copies of the proposed ordinance may be examined. If the full text is not included, a copy shall be supplied to the publishing newspaper when the notice is published, and an attested copy shall be filed within thirty days after enactment in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual costs of storing the ordinances. *The date of such filing shall not affect the effective date of the ordinance, the validity of the process of the enactment or adoption of the ordinance; nor shall a failure to record within the time provided be deemed a defect in the process of the enactment or adoption of such ordinance.* ... Ordinances shall be recorded in the ordinance book of the township and are effective five days after adoption unless a date later than five days after adoption is stated in the ordinance.
    53 P.S. § 66601(a) (emphasis added). The General Assembly enacted the present version of this statute simultaneously with the repeal of 53 P.S. § 65741. *See* Act of November 9, 1995, P.L. 350, No. 60, §§ 1, 1601.

ment, reversed the trial court, and upheld the validity of the Ordinance. *Schadler v. Zoning Hearing Bd. of Weisenberg Township,* 814 A.2d 1265 (Pa.Commw.2003).

President Judge Colins authored a dissent, which Judge Simpson joined.[7] The dissent argued that the majority had misinterpreted section 1601, which, in the dissent's view, does not provide that procedural defects in an ordinance's enactment can never render the ordinance void *ab initio.* Rather, according to the dissent, section 1601 only provides that two specific types of procedural defects, namely, a municipality's failure to file an attested copy of a proposed ordinance in its county law library or other designated county office, or its failure to record an ordinance within the allotted time, do not render the ordinance void *ab initio.* As the enactment of the Ordinance in this case was procedurally defective in many ways outside of these two areas, the dissent maintained that the logic of *Cranberry Park* remains applicable and that the Ordinance was void *ab initio.* Accordingly, the dissent concluded that the thirty-day limitations period for challenging the validity of a land use ordinance on procedural grounds did not bar Schadler's claim.

Schadler subsequently appealed the Commonwealth Court's decision to this Court, and we granted allocatur to consider whether the Ordinance was, in fact, void *ab initio* due to the Supervisors' failure to comply with the relevant statutory requirements for its enactment. For the reasons that follow, we agree with Schadler that the Ordinance was void *ab initio* and that therefore, the thirty-day limitations period set forth in 53 P.S. § 10909.1(a)(2) and 42 Pa.C.S. § 5571(c)(5) never began ticking and does not bar Schadler's procedural challenge.

Township ordinances enjoy a presumption of validity and it is the challenger who bears the burden of proving an ordinance's invalidity. *See Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A.2d 514, 515 (1964). Furthermore, under 53 P.S. § 10909.1(a)(2) and 42 Pa.C.S. § 5571(c)(5), any individual who

7. Judge Friedman also dissented, without opinion.

wishes to challenge an ordinance's validity on procedural grounds must raise his claim within thirty days of the ordinance's effective date. Here, it is undisputed that Schadler filed his procedural challenge more than thirty days after the Ordinance's purported effective date, February 13, 2000. Accordingly, whether or not the Commonwealth Court correctly concluded that the challenge was untimely turns entirely on whether the Ordinance actually became law on February 13, 2000 or was void *ab initio*.

In the last fifteen years, we have found municipal ordinances to be void for procedural defects in two situations involving facts similar to those of the instant case: once in *Lower Gwynedd Township v. Gwynedd Props., Inc.*, 527 Pa. 324, 591 A.2d 285 (1991), and once in *Cranberry Park, supra.* In *Lower Gwynedd*, a second-class township purported to enact an ordinance authorizing the condemnation of a local developer's property for use as a conservation area. *See* 591 A.2d at 286. However, although the township published a summary of the ordinance's provisions in a newspaper, it did not publish the full text of the ordinance or file a copy of the ordinance in the county law library or other designated county office. *See id.* The township subsequently purported to adopt the new ordinance on December 22, 1987, and initiated condemnation proceedings to acquire the property pursuant to the ordinance's authority on December 30, 1987. *See id.*; *Gwynedd Props., Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1197 (3d Cir.1992) (summary of procedural history in related federal court litigation). In response, the developer filed preliminary objections challenging the ordinance on the grounds that the township failed to follow the procedural requirements for enactment set forth in then-applicable 53 P.S. § 65741. *See Lower Gwynedd*, 591 A.2d at 286. While the township had no choice but to concede that it had not followed the requisite procedures, it contended that the ordinance was still valid because the enactment process had been in "substantial compliance" with the statutory requirements. *Id.* However, we rejected the township's position and declared the ordinance void on the grounds that "the procedures estab-

lished by the legislature for the enactment of ordinances must be followed strictly in order for an ordinance to be valid." *Id.* at 287. "The precedents of this Court," we added, "have been consistent in holding that statutory publication requirements are mandatory and that ordinances adopted without strict compliance are void." *Id.* at 288.

Nine years later, in *Cranberry Park*, we elaborated upon the reasoning of *Lower Gwynedd* and applied it to a dispute over the thirty-day limitations period for procedural challenges to municipal ordinances. In *Cranberry Park*, a township sanctioned a local contractor for allegedly disobeying an eight-year-old ordinance dealing with the permitting process for grading operations. *See Cranberry Park*, 751 A.2d at 166. The contractor responded that the ordinance was void *ab initio* as the township had never numbered, dated, signed, or recorded it, again in violation of then-applicable 53 P.S. § 65741. *See id.* at 166–67. The township, however, rejected the void *ab initio* argument and dismissed the contractor's challenge as untimely, because it had been filed beyond the thirty-day limitations period set forth in 53 P.S. § 10909.1(a)(2) and 42 Pa.C.S. § 5571(c)(5). *See id.* at 166. On appeal, the trial court and the Commonwealth Court both affirmed the dismissal of the contractor's claim, but this Court reversed, agreeing with the contractor that the ordinance was void *ab initio.* In reaching that conclusion, we cited *Lower Gwynedd* for the general proposition that municipal ordinances are void unless enacted in compliance with statutory procedural requirements. *See id.* at 167–68 (citing *Lower Gwynedd*, 591 A.2d at 285–87). We further noted that the plain text of the last sentence of 53 P.S. § 65741 stated that "[s]uch ordinances shall be recorded in the ordinance book of the township and shall become effective five days after such adoption," which clearly indicated that recordation was required for adoption and that only upon adoption could an ordinance become effective. *Id.* at 167, 591 A.2d 285. Therefore, we stated that an unrecorded ordinance had no effective date and was void *ab initio. See id.* Based on this analysis, we concluded that the thirty-day limitations period, which

begins ticking on an ordinance's effective date, does not bar a procedural challenge to an unrecorded ordinance, and thus did not bar the contractor's challenge to the unrecorded grading ordinance at issue there. *See id.* at 168, 591 A.2d 285.

In spite of the similarities between the instant case and both *Lower Gwynedd* and *Cranberry Park,* the Township contends that those precedents are inapposite here because they were decided pursuant to a procedural statute, 53 P.S. § 65741, that has since been repealed. The Township further asserts that the repeal of 53 P.S. § 65741 and the simultaneous enactment of 53 P.S. § 66601 vitiates this Court's analysis in *Cranberry Park.* In support of these assertions, the Township notes that 53 P.S. § 66601, unlike 53 P.S. § 65741, contains a so-called "savings clause" to prevent procedural infirmities in the enactment of an ordinance from having any effect on its validity. Specifically, the Township points to the following emphasized sentence of 53 P.S. § 66601(a), which, in context, reads:

> If the full text [of a proposed ordinance] is not included [in the township's newspaper advertisement notifying the public of a proposal to enact a new land use ordinance], a copy shall be supplied to the publishing newspaper when the notice is published, and an attested copy shall be filed within thirty days after enactment in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual costs of storing the ordinances. *The date of such filing shall not affect the effective date of the ordinance, the validity of the process of the enactment or adoption of the ordinance; nor shall a failure to record within the time provided be deemed a defect in the process of the enactment or adoption of such ordinance.*

53 P.S. § 66601(a) (emphasis added). According to the Township, this savings clause negates the applicability of *Cranberry Park* and ensures that the thirty-day limitations period for procedural challenges always begins ticking on an ordinance's nominal effective date, whether or not the township has complied with statutory procedural requirements. We disagree, however, that the effect of 53 P.S. § 66601(a) is so sweeping.

Contrary to the Township's claims, it is clear from the plain language of 53 P.S. § 66601(a) that the statute is not meant to forgive all procedural infirmities in the enactment of an ordinance, and thus does not supersede *Lower Gwynedd* and *Cranberry Park* in all cases. As stated above, 53 P.S. § 66601(a) provides that "[i]f the full text [of an ordinance] is not included ... [in the newspaper notice,] an attested copy *shall be filed* within thirty days after enactment in the county law library or other [designated] county office.... The date *of such filing* shall not affect the effective date of the ordinance, the validity of the process of the enactment or adoption of the ordinance." *Id.* (emphases added). When these two sentences are read together, it becomes clear that "such filing" refers only to the requirement mentioned immediately before those words that "an attested copy ... be *filed* within thirty days after enactment in the county law library or other [designated] county office." *Id.* (emphasis added); *see also Cranberry Park*, 751 A.2d at 167 (quoting Black's Law Dictionary 1432 (6th ed. 1990)) (defining "such" as "[i]dentical with, being the same as what has been mentioned").[8] Similarly, the

---

8. Our discussion of "such" in *Cranberry Park* arose in the context of interpreting the last sentence of then-applicable 53 P.S. § 65741, which read: "Such ordinances shall be recorded in the ordinance book of the township and shall become effective five days after such adoption." *Cranberry Park*, 751 A.2d at 167 n. 5. Upon examining this language, we determined that "such adoption" referred to recordation in the township ordinance book, as that was the concept that had just been mentioned. Accordingly, we concluded that an ordinance could not become effective in the absence of recordation. *See id.* at 167. Notably, the operative "such" in section 1741 was deleted in 53 P.S. § 66601, so that the corresponding sentence in section 1601(a) reads: "Ordinances shall be recorded in the ordinance book of the township and are effective five days after adoption...." 53 P.S. § 66601(a). Neither of the parties develops any arguments as to the effect of this excision, but we read it to support our ultimate conclusion that the Ordinance is void *ab initio*. Indeed, by removing the "such" that previously modified "adoption" in the sentence at issue, the General Assembly broadened the meaning of "adoption" such that it no longer refers to recordation alone but rather, signifies the enactment process as a whole. Consequently, whereas section 1741 only specified that an unrecorded ordinance was void *ab initio*, section 1601 also leaves room for other significant irregularities in an ordinance's enactment to prevent the ordinance from ever becoming effective. As such, the statute is more closely aligned with the general principle set forth in *Lower*

second half of the savings clause states only that a failure to "record [an ordinance] within the time provided" will not be deemed a defect. Accordingly, the statute merely provides that a township's failure to file a copy of an ordinance with the county law library or other designated county office within thirty days of enactment or its failure to record the ordinance within the time provided will not render the ordinance void *ab initio*, without addressing in any way the effect of other procedural deficiencies. As such, pursuant to *Lower Gwynedd* and *Cranberry Park*, a township's failure to comply with *other* statutory procedural requirements continues to render the resultant ordinance void. Indeed, the fact that the General Assembly specifically identified in the "savings clause" only two specific types of procedural defects that do not affect an ordinance's effective date is, if anything, a clear implication that it did *not* intend other types of defects also to have no effect. *See, e.g., Atcovitz v. Gulph Mills Tennis Club, Inc.,* 571 Pa. 580, 812 A.2d 1218, 1223 (2002) ("We must infer that, under the doctrine of *expressio unius est exclusio alterius,* the inclusion of a specific matter in a statute implies the exclusion of other matters.").[9]

In the instant case, the Township has conceded that the Supervisors not only failed to file an attested copy of the Ordinance in its county law library or other designated county office, but also failed to run pre-enactment newspaper advertisements that contained the full text of the Ordinance, a brief summary of the Ordinance, or any information regarding a

Gwynedd and *Cranberry Park* that procedurally defective ordinances are void *ab initio.* *See Cranberry Park,* 751 A.2d at 167–68 (quoting *Lower Gwynedd,* 591 A.2d at 285–87).

**9.** The Township claims that because *Cranberry Park* involved the failure to record an ordinance, and because section 1601 now states that "the failure to record within the time provided [shall not] be deemed a defect in the process of the enactment or adoption of such ordinance," the *Cranberry Park* analysis should now be wholly disregarded. However, irrespective of the nature of the particular defect at issue in *Cranberry Park* or the fact that section 1601 may have superseded the *Cranberry Park* analysis insofar as it applies to that particular defect, section 1601 does not "vitiate" the underlying analysis of *Cranberry Park,* which followed *Lower Gwynedd* in setting forth the general rule that defectively enacted township ordinances are void *ab initio.*

place where the public could examine the text of the Ordinance. Due to these egregious procedural defects, it is difficult to see how the public could possibly have been on notice regarding the changes in the zoning laws that the Supervisors were devising in 1999 and 2000. Therefore, under this Court's prior decisions in *Lower Gwynedd* and *Cranberry Park,* as well as under 53 P.S. §§ 10506 and 66601, the Ordinance is void *ab initio* and had no effective date, and the thirty-day limitations period in 53 P.S. § 10909.1(a)(2) and 42 Pa.C.S. § 5571(c)(5) never began to run. As a result, the Commonwealth Court's conclusions that *Cranberry Park* was no longer controlling and that 53 P.S. § 66601 excused the Township's procedural deficiencies were in error.[10]

The Township argues in the alternative that applying the holding of *Cranberry Park* to this case would engender unsound policy by creating an unreasonable situation in which any ordinance enacted with any sort of technical deficiency would then be forever subject to challenge. We disagree. While it is true that an overly aggressive application of the principles behind *Cranberry Park* could inject excessive uncertainty into a township's zoning laws, there is no such threat here. The purpose of requiring compliance with the procedural requirements for enacting township ordinances is premised on the importance of notifying the public of impending changes in the law so that members of the public may comment on those changes and intervene when necessary. While we may someday be presented with a case in which a procedurally defective ordinance has been "on the books" and obeyed in practice for such a long time that public notice and acquiescence can be presumed, this is not such a case.[11] To

**10.** Moreover, it should be noted that the Commonwealth Court below erred in finding that the enactment of 53 P.S. § 66601 had effectively overruled *Valianatos v. Zoning Bd. of Richmond Township,* 766 A.2d 903 (Pa.Commw.2001), which followed *Cranberry Park* in finding that a challenge to a procedurally defective local ordinance was not time-barred because the ordinance was void *ab initio. See Schadler* 814 A.2d at 1270 n. 9.

**11.** We are aware that the ordinance in *Cranberry Park* was enacted eight years before the contractor in that case filed its procedural challenge. However, as that ordinance was never subsequently record-

the contrary, when Schadler filed his challenge to the Ordinance in August 2000, the Ordinance was less than seven months old. Thus, the problems that the Township fears are not presently before us.[12]

Moreover, the Township appears to contend that the General Assembly's amendment of 42 Pa.C.S. § 5571(c)(5) on December 9, 2002, evinces a further legislative intent to overrule *Cranberry Park.* The amended text of that subsection provides that the thirty-day limitations period for challenging municipal ordinances begins ticking on an ordinance's "intended" effective date. 42 Pa.C.S. § 5571(c)(5) (as amended Dec. 9, 2002). In addition, the subsection adds: "As used in this paragraph, the term 'intended effective date' means the effective date specified in the ordinance ... or, if no effective date is specified, the date 60 days after the date the ordinance ... was finally adopted but for the alleged defect in the process of enactment of adoption." *Id.* However, Schadler filed his present claim with the ZHB in August 2000, *prior to* the effective date of the December 2002 amendment to 42 Pa.C.S. § 5571(c)(5). Thus, even if the amendment does affect *subsequently* filed procedural challenges to township ordinances, it clearly does not apply here. Likewise, we reject the Town-

ed in the township ordinance book, it was never "on the books" in such a way that the public could have had notice of or acquiesced in its terms.

12. The Township also seems to insinuate that Schadler's procedural challenge should be barred because, even if the public at large had no notice of the Ordinance's enactment in February 2000, Schadler himself did have actual notice. *See* Appellee's Brief at 10 n. 5. However, the procedural requirements for the enactment of a law are nonwaivable, and when the lawfulness of the enactment is in question, the law is either void or not void, without regard to the identity of the challenger. Meanwhile, finding the notice of an individual litigant to have any bearing on the litigant's ability to challenge the law in the circumstances of this case would lead to the absurd result of a single township ordinance being valid with respect to some citizens and simultaneously invalid with respect to others. *See also Lower Gwynedd,* 591 A.2d at 287 (citing *Fierst v. William Penn Mem. Corp.,* 311 Pa. 263, 166 A. 761, 763 (1933) ("If a published notice fails to satisfy the statutory requirements, the fact that members of the public, or even the appellants themselves, appeared at the hearing does not breathe life into an otherwise void ordinance")).

ship's contention that the General Assembly's apparent intent in enacting the December 2002 amendment to section 5571(c)(5) should control the outcome of our decision here, where the meaning of the combination of statutes in effect in August 2000 is plain.

Finally, the Township asserts that the reasoning of *Cranberry Park* fails to take into account that smaller municipalities lack (a) the tax funding to employ the full-time staffs necessary to maintain required ordinance records, and (b) the "institutional memory" to recall details or locate records regarding the advertising of proposed ordinances. However, it is not the role of this Court to remedy any logistical problems that municipalities may face in complying with their statutory mandates. To the contrary, where, as here, those mandates are clear, responsibility lies with the municipalities both to develop internal procedures and to budget the funds that are necessary to comply.

Accordingly, we find that Schadler's challenge to the Ordinance is not time-barred and therefore reverse the order of the Commonwealth Court and remand for further proceedings consistent with this opinion.

Former Justice LAMB did not participate in the decision of this case.