**In Re: The Appeal of LVGC PART-NERS, LP and Lebanon Valley Golf Club, Inc., from the Decision of the Jackson Township Zoning Hearing Board on the Petition regarding the Validity of Adoption of Ordinance No. 5–2006**

**Appeal of: LVGC Partners, LP and Lebanon Valley Golf Club, Inc.**

Commonwealth Court of Pennsylvania.

Argued April 7, 2008.
Decided May 12, 2008.
Reargument Denied July 3, 2008.

Matthew L. Homsher and Mary Ann M. Cooke, Lancaster, for appellants.

Keith L. Kilgore, Lebanon, for appellee, Jackson Township Zoning Hearing Board.

David J. Tshudy, Lebanon, for appellee, Jackson Township.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

LVGC Partners, LP and Lebanon Valley Golf Club, Inc. (collectively, Landowner) appeal from an order of the Court of Common Pleas of Lebanon County (trial court) affirming a Jackson Township Zoning Hearing Board (Board) decision finding that Jackson Township had satisfied the advertising requirements required by the Municipalities Planning Code (MPC)[1] when enacting Ordinance Number 5–2006 (Ordinance), and that it did not prevent Landowner from giving testimony regarding the impact of the Ordinance on its property at a public hearing.

Landowner owned property in Jackson Township (Township), Lebanon County, Pennsylvania, which was zoned Low Density Residential (R–1) (Property). Landowner submitted plans to the Township to develop the Property into 302 housing units. While its preliminary plan was being processed,[2] a bill was submitted proposing to change the Property's zoning to High Intensity Agriculture (A–2) which did not permit the type of housing development Landowner intended to develop.

---

1. Act of July 1, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

2. Landowner's preliminary plan was rejected by the Township Board of Supervisors and the subject of an appeal in *LVGC Partners, LP and Lebanon Valley Golf Club, Inc. v. Jackson Township Board of Supervisors, Thomas Houtz, Dean Moyer and Clyde Deck*, 948 A.2d 235 (Pa.Cmwlth.2008).

The Township began considering the Ordinance in the summer of 2006. Section 609 of the MPC,[3] among other things, required that a public hearing be held and that notice of the hearing be sent within 30 days of that hearing. On November 3, 2006, a notice of public hearing to consider the proposed zone change contained in the Ordinance was sent to affected property owners, including Landowner.[4] The notice stated that the hearing was to be held on Monday, December 4, 2006, at 6:30 p.m. at the Township Municipal Building (Public Hearing) to accept public comment regarding the Ordinance. There is no dispute that Section 609's notice requirements were satisfied. Appearing at the meeting on behalf of Landowner was Jonathan Byler (Byler), a shareholder, as well as Thomas Dell, Esquire (Dell), counsel for Landowner. Neither of those individuals spoke or offered any testimony in opposition to the Ordinance at the hearing. At the conclusion of the Public Hearing, the meeting was adjourned.

Deciding to enact the Ordinance in compliance with Section 610 of the MPC,[5] on December 6, 2006, the Township published a notice in the *Lebanon Daily News* providing that the Board of Supervisors would consider the Ordinance for adoption and enactment at a meeting scheduled for De-

---

3. Section 609 of the MPC, 53 P.S. §§ 10609, provides, in pertinent part:

   (b)(1) Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice. In addition, if the proposed amendment involves a zoning map change, notice of said public hearing shall be conspicuously posted by the municipality at points deemed sufficient by the municipality along the tract to notify potentially interested citizens. The affected tract or area shall be posted at least one week prior to the date of the hearing.

   (2)(i) In addition to the requirement that notice be posted under clause (1), where the proposed amendment involves a zoning map change, notice of the public hearing shall be mailed by the municipality at least 30 days prior to the date of the hearing by first class mail to the addresses ... for all real property located within the are being rezoned ... The notice shall include the location, date and time of the public hearing.

4. Notice of the public hearing was posted at 22 locations within the Township by its zoning officer as well. The Township mailed the notice of public hearing to the *Lebanon Daily News*, a newspaper circulating throughout the affected area; the Lebanon County Law Library; and the Township Secretary for posting on the Township bulletin board. The Township also made an attested copy of the Ordinance available for public review at the latter two locations.

5. Section 610 of the MPC, 53 P.S. § 10610, provides, in relevant part:

   (a) Proposed zoning ordinances and amendments shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section, and shall include the time and place of the meeting at which passage will be considered, a reference to a place within the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof. The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than 7 days prior to passage. Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail. If the full text is not included:

   (1) A copy thereof shall be supplied to a newspaper of general circulation in the municipality at the time the public notice is published.

   (2) An attested copy of the proposed ordinance shall be filed in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual costs of storing said ordinances.

cember 18, 2006, at 7:30 p.m. at the Township Municipal Building. An attested copy of the Ordinance was sent to the *Lebanon Daily News* for publication,[6] the Lebanon County Law Library, and the Township Secretary for public review. There is also no dispute that the provisions of Section 610 were satisfied. The Ordinance was adopted at the December 18, 2006 meeting (Supervisors' Meeting).

Landowner challenged the Ordinance's enactment with the Board alleging, among other things, that (1) it was given no personal notice that the Supervisors were going to adopt and enact the Ordinance at the Supervisors' Meeting; and (2) the Ordinance should be rendered void because at the Public Hearing, the Township restricted public comment to only Township residents, and due to this limitation, representatives from Landowner were prevented from presenting any testimony in opposition to the Ordinance.

Before the Board, Byler testified that he received no notice after the Public Hearing that there was going to be any subsequent action to change the zoning of Landowner's property. He stated that he first learned of the Ordinance's adoption on December 19, 2006, when its passage was published in the *Lebanon Daily News*. Byler also denied being given the opportunity to present testimony at the Public Hearing because it was limited to residents of the Township and he resided elsewhere. On cross-examination, he acknowledged that he did not ask for clarification from the Supervisors as to whether he was permitted to give testimony or otherwise seek to offer any comments.

In opposition to Landowner's challenge, Paul Bametzreider (Bametzreider), counsel for the Township, testified that at the Public Hearing, public comment was received, and there were no restrictions on who could provide those comments. On cross-examination, when asked whether a statement was made at that hearing limiting public comment on the Ordinance to residents of the Township, Bametzreider stated that he could not recall whether such a statement was made.

Determining that the Township had followed the necessary procedural requirements pursuant to the MPC, the Board found that the Ordinance was properly enacted. In doing so, the Board found Landowner's claim that it was prevented from giving testimony at the Public Hearing to be incredible, noting that both Byler and Dell were present, and Dell should have advised Byler that, as a shareholder of Landowner, he had a perfect right to speak at the hearing, or Dell, as counsel for Landowner, could have presented reasons why the zone change should not have occurred. Landowner then appealed to the trial court.

■ Without taking additional evidence, the trial court first determined that the notice requirements of Section 610 of the MPC governed the Supervisors' Meeting and that the Township was in full compliance of those requirements. It also found that nothing in the record supported Landowner's contention that its representatives were prevented from offering testimony at the Public Hearing, and that their failure to speak would not invalidate the Ordinance. It affirmed the Board's decision, and this appeal followed.[7]

---

**6.** The notice was published in the *Lebanon Daily News* on December 11, 2006.

**7.** Our review in zoning cases where the trial court did not take any additional evidence is limited to determining whether the zoning

hearing board committed an error of law or an abuse of discretion. *Southeastern Chester County Refuse Authority v. Zoning Hearing Board of London Grove Township and London*

On appeal, Landowner contends that because the Ordinance was not passed at the Public Hearing, the adoption of the Ordinance at the Supervisors' Meeting triggered new notice requirements under Section 609(b)(2)(i) of the MPC that it should have been given. Because it did not receive the requisite 30–day notice for the Supervisors' Meeting, Landowner contends that the Ordinance should be invalidated.[8] Stated differently, Landowner is arguing that the notice requirements in Section 609 rather than Section 610 applied to the Supervisors' Meeting where the Ordinance was adopted. We disagree.

Inherent in Landowner's argument is that the Township Supervisors could have enacted the Ordinance at the Public Hearing. Section 609, the provision that required the Public Hearing, provides that "[b]efore voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice." Its purpose is for those affected by a zone change to have a forum in which they may offer comments and concerns over a zoning amendment. At this type of meeting, the Supervisors could *only* collect public comment on the Ordinance, and under Section 609, could not enact the Ordinance because that process is governed by Section 610 of the MPC. Because there is no dispute that the Township properly complied with those provisions prior to the adoption of the Ordinance, the Board properly found that the Township followed the necessary procedural requirements in enacting the Ordinance.

Landowner next argues that its due process rights were violated when it was prevented from offering testimony at the Public Hearing in opposition to the adoption of the Ordinance. That contention, however, is at variance with the facts as found by the Board. It determined that Landowner's claim that it was prevented from presenting testimony at the Public Hearing to be incredible. Although Landowner maintains that Byler's testimony established that it was not given the opportunity to present testimony at that hearing, and Bametzreider failed to dispute that public comment was limited to only residents of the Township to bolster its credibility, it is the Board, as factfinder, who judges the credibility of witnesses and weight afforded to their testimony, and this Court may not substitute its interpretation of the evidence for that of the Board. *Taliaferro v. Darby Township Zoning Hearing Board,* 873 A.2d 807 (Pa.Cmwlth.2005). Because it was Landowner's burden to establish that it was denied the opportunity to be heard at the Public Hearing, once Byler's testimony was found to not be credible, the Board properly found that Landowner did not sustain its burden.[9]

---

*Grove Township,* 898 A.2d 680 (Pa.Cmwlth. 2006).

8. Township ordinances enjoy a presumption of validity, and it is the challenger who bears the burden of proving an ordinance's invalidity. *Schadler v. Zoning Hearing Board of Weisenberg Township,* 578 Pa. 177, 850 A.2d 619 (2004).

9. Landowner also contends that its due process rights were violated because of the procedural irregularities that occurred at the hearing before the Board, namely, that counsel for the Board, rather than the Board itself, conducted the hearing, and Bametzreider, who acted as counsel for the Township for part of the hearing, also acted as a witness on behalf of the Township. This issue was not advanced in Landowner's notice of appeal to the trial court and was initially raised in its brief to the trial court that was untimely filed in contravention of Lebanon County Local Rule of Court 7(c) which provides, "In all matters listed for argument, the proponent shall file an original and two (2) copies of the brief ... at least fifteen (15) days before the

Accordingly, because Landowner has failed to meet its burden of demonstrating that the Ordinance is invalid, the order of the trial court is affirmed.

### ORDER

AND NOW, this *12th* day of *May*, 2008, the order of the Court of Common Pleas of Lebanon County, dated September 25, 2007, is affirmed.

date fixed for argument court." Because Landowner's brief was filed on August 31, 2007, the same day as oral argument, the aforesaid issue was not sufficiently raised before the trial court. It is waived and will not be addressed on appeal. *Burkholder v. Zoning Hearing Board of Richmond Township,* 902 A.2d 1006 (Pa.Cmwlth.2006).