IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Real Pro Enterprises, LP and D.R. Horton, Inc. | : | |
| | : | |
| | : | No. 1347 C.D. 2021 |
| v. | : | |
| | : | Submitted: October 10, 2023 |
| New Hanover Township, | : | |
| Appellant | : | |

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge


*OPINION NOT REPORTED*

*MEMORANDUM OPINION*
*BY JUDGE DUMAS*                                       *FILED: October 4, 2024*


      New Hanover Township (Township) appeals from the order entered in the Court of Common Pleas of Montgomery County (trial court) on November 1, 2021, which declared invalid the enactment of a local ordinance because the Township failed to abide by procedural requirements mandated by Section 610(a) of the Pennsylvania Municipalities Planning Code (MPC).[1] After careful review, we affirm.

## I. BACKGROUND[2]

      In January 2021, the Township Board of Supervisors (Board) proposed a zoning amendment, identified as Ordinance No. 21-01, that would eliminate the

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10610(a).

[2] The relevant facts of this case are not in dispute. We derive this background from the trial court's opinion and the original record certified to this Court. *See* Trial Ct. Op., 1/18/22.

B2 Performance Standard Development use[3] from the R-15[4] and R-25[5] residential zoning districts.  The Township solicitor published notice in a local newspaper of a public hearing at which the Board would consider the amendment.  The notice briefly summarized the amendment and indicated that copies were available for inspection at the township building.[6]  Thereafter, the Board voted to enact the amendment.

Real Pro Enterprises, LP and D.R. Horton, Inc. (collectively, Appellees) timely appealed to the trial court, asserting procedural defects in the Township's enactment of the proposed amendment.  Noting that the Township had conceded its failure to provide a copy of the amendment's text to the local newspaper and an attested copy to the law library contemporaneous with the public notice, the

---

[3] The Zoning Ordinance defines a B2 Performance Standard Development as "[a] development or subdivision that permits a variety of housing types subject to a series of performance standards.  The performance standard development requires the provision of open space and limits density and impervious surfaces."  *See* New Hanover Twp. Zoning Ordinance, § 27-305(2)(B).

[4] The purpose of this district is "to provide for higher density residential development in the vicinity of the village of New Hanover.  The area is publicly sewered or is intended for public sewer service.  In this area, a variety of housing types are permitted which provides the opportunity for builders to address the needs and interest of a wide range of economic and age groups in the community.  This area is adjacent to complementary commercial areas."  *See* New Hanover Twp. Zoning Ordinance, § 27-701.

[5] The purpose of this district "is to provide for medium high-density development in areas that are served or are intended to be served by sewer and water services.  The R-25 Residential Districts serve as transition zones between the high-density residential and commercial areas and the lower density areas."  *See* New Hanover Twp. Zoning Ordinance, § 27-601.

[6] This notice also indicated that a copy was available at the local newspaper.  However, the Township subsequently conceded that it was not.  *See* Twp.'s Verified Resp. to Notice of Appeal, 9/20/21, at 3 ¶ 44.

2

trial court declared the amendment void on procedural grounds. *See* Trial Ct. Op., 1/18/22, at 7-8.[7]

## II. ISSUE

The sole issue in this appeal is whether the Township enacted the proposed zoning amendment in compliance with the procedural requirements established by the MPC. *See* Twp.'s Br. at 4.

## III. DISCUSSION[8]

## A. The Parties' Arguments

The Township contends that it provided proper access to the full text of its proposed amendment. In support, the Township directs our attention to its published notices, which informed the public that a full text copy of the amendment was available for inspection at the local newspaper, as well as the Township building. *See id.* at 8, 10. According to the Township, "as long as the published notice provides one location where the full text of the proposed ordinance can be examined, an ordinance will not be invalidated for a failure to send the text to two separate locations." *Id.* at 11 (noting that the full text was available at the Township building and citing *Allegheny Energy Supply Co., LLC v. Twp. of Blaine*, 829 A.2d

---

[7] Apparently, during the pendency of the appeal, the Township sought to remedy its procedural missteps. *See* Trial Ct. Op., 1/18/22, at 3-4 (suggesting that the Township had published an *additional* notice of the proposed amendment on April 13, 2021, with sufficient detail to inform the public, then reenacted the amendment). This additional public notice is not included in the official record submitted to this Court. However, based on the contents of this notice, the trial court limited its criticism to the Township's continued failure to provide a full text copy or attested copy in accordance with MPC requirements. *Id.*

[8] This Court reviews the trial court's findings and conclusions for an error of law or an abuse of discretion. *Streck v. Lower Macungie Twp. Bd. of Commr's*, 58 A.3d 865, 870 n.7 (Pa. Cmwlth. 2012)

1254, 1262 (Pa. Cmwlth 2003)).  The Township thus seeks a reversal of the trial court's order.[9]  *See id.* at 16.

In response, Appellees dispute the Township's assertion that it provided the complete text of the amendment to the local newspaper, further note the Township's failure to provide an attested copy to the county law library, and reject the Township's suggestion that "substantial compliance" with the MPC's procedural requirements is sufficient to defeat a procedural challenge to the enactment of a zoning amendment.  *See* Appellees' Br. at 9-10.  Therefore, Appellees conclude, the enactment of the amendment is *void ab initio*.  *See id.*

## B. Basic Principles

"Township ordinances enjoy a presumption of validity[,] and it is the challenger who bears the burden of proving an ordinance's invalidity."  *Schadler v. Zoning Hr'g Bd. of Weisenberg Twp.*, 850 A.2d 619, 623 (Pa. 2004); *Oxford Corp. v. Zoning Hr'g Bd. of Oxford*, 34 A.3d 286, 297 (Pa. Cmwlth. 2011); 42 Pa.C.S. § 5571.1.  Nevertheless, we strictly construe the procedural requirements for enacting

---

[9] The Township's argument to this Court lacks clarity.  In apparent response to Appellees' appeal *to the trial court*, the Township begins with cursory remarks asserting that the initial notices of its proposed amendment, published on February 4 and 11, 2021, provided sufficient detail to inform the public.  *See* Twp.'s Br. at 9.  However, the trial court observed that the Township's subsequent notice, published on April 13, 2021, had remedied any lack of detail in the initial notices.  *See* Trial Ct. Op. at 3-4.  Therefore, the Township's initial notices no longer present an issue of controversy, and we deem the issue moot.  *See Driscoll v. Zoning Bd. of Adjustment of City of Phila.*, 201 A.3d 265, 268 (Pa. Cmwlth. 2018).  The Township also identifies typographical errors in Appellees' appeal to the trial court.  *See* Twp.'s Br. at 9-11 (citing Appellees' Land Use Appeal, 3/26/21, ¶¶ 44, 45).  These errors did not hinder the trial court's analysis, *see generally* Trial Ct. Op., nor do they impact our review.  Finally, the Township challenges Appellees' prior reliance on Section 1601 of the Second Class Township Code.  *See* Twp.'s Br. at 14-16 (citing Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 10610(a)).  Yet, the Township also concedes that "[t]his statutory provision is not addressed by the lower court's dispositive Order nor the Rule 1925 Opinion."  *Id.* at 13.  We decline to address these arguments further.

4

ordinances and failure to adhere to those requirements will render the ordinance void *ab initio*. *Schadler*, 850 A.2d at 624 (instructing that "ordinances adopted without strict compliance [with statutory publication requirements] are void"); *see, e.g.*, *Cranberry Park Assocs. v. Cranberry Twp. Zoning Hr'g Bd.*, 751 A.2d 165, 167-68 (Pa. 2000) (declaring an ordinance void for failure to properly record its enactment); *L. Gwynedd Twp v. Gwynedd Props., Inc.*, 591 A.2d 285, 286-87 (Pa. 1991) (rejecting a "substantial compliance" argument and declaring an ordinance void *ab initio* for failure to provide the full text of an ordinance to the local newspaper and the county law library or other designated county office).

   The MPC provides notice and publication requirements relevant to zoning ordinances and amendments. An amendment shall not be enacted without proper notice, which must appear in a local newspaper prior to enactment. Section 610(a) of the MPC, 53 P.S. § 10610(a). The notice must include the time and place of the hearing at which passage will be considered, as well as a place within the municipality where copies of the proposed amendment may be examined. *Id.* The notice must include the full text of the proposed amendment, or the title and a brief summary including reasonable detail. *Id.* If the full text is not published, a copy shall be supplied to the local newspaper and an attested copy shall be filed in the county law library or other designated county office. *Id.*[10]

---

[10] Section 610(a) of the MPC provides in full:

(a) Proposed zoning ordinances and amendments shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section, and shall include the time and place of the meeting at which passage will be considered, a reference to a place within the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof. The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than 7 days prior to passage. Publication of the proposed ordinance or amendment shall include either the

## C. Analysis

With these basic principles in mind, we may readily reject the Township's argument. Despite the Township's assertion to this Court that it provided the full text of the proposed amendment to the local newspaper (and its public notice of said provision), it has previously conceded otherwise. *See* Twp.'s Verified Resp. to Notice of Appeal, 9/20/21, at 3 ¶ 44 (admitting that it had not submitted the full text to the local newspaper). The Township has also conceded that it never provided an attested copy of the proposed amendment to the county law library. *Id.* ¶ 45. On this record, the Township failed to comply with the notice and publication requirements set forth in Section 610(a) of the MPC.[11] *See* 53 P.S. § 10610(a).

Further, we agree with Appellees that the Township's reliance on *Allegheny Energy Supply* is misplaced. In that case, an energy supply company sought a permit to construct an electric generating facility in an agricultural district. *See Allegheny Energy Supply*, 829 A.2d at 1256-57. When the permit was denied, the energy supply company proposed a curative amendment along with site-specific relief. *See id.* Following meetings and a public hearing, the township denied the

---

full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail. If the full text is not included:

> (1) A copy thereof shall be supplied to a newspaper of general circulation in the municipality at the time the public notice is published.
>
> (2) An attested copy of the proposed ordinance shall be filed in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual costs of storing said ordinances.

53 P.S. § 10610(a).

[11] The trial court also remarked that this procedural error was repeated by the Township in its subsequent attempt to enact the amendment, noting that "the parties agreed that a full copy of the [r]eenactment was not sent to the [local n]ewspaper with the [p]ublic [n]otice on April 13, 2021, nor was an attested copy delivered to the [c]ounty [l]aw [l]ibrary or other county office at the time the [p]ublic [n]otice was published." Trial Ct. Op. at 7.

6

curative amendment but enacted an alternative amendment instead. *See id.* The energy supply company appealed, and the trial court reversed, directing the township to grant the requested site-specific relief. *See id.*

The township and intervening residents separately appealed to this Court. *See id.* In part, the intervenors challenged the township's notice of the public hearing because it "did not apprise them of [the company's] request for site specific relief." *Id.* at 1258. The Court rejected the basic premise of their challenge, noting interveners' attendance at the hearing, their clear understanding of the issues, and their adequate opportunity to challenge the proposed site-specific relief. *See id.* at 1262. The Court thereafter affirmed. *Id.* at 1262.

We conclude that *Allegheny Energy Supply* is inapposite. Critically, and unlike the present case, the interveners did not allege a failure to provide the full text of the proposed curative amendment to the local newspaper or an attested copy to the law library. *Id.* at 1258, 1261. Although the Court referenced Section 610(a) of the MPC, and in brief remarks deemed the township compliant, it did not consider whether the township strictly complied with the full text publication requirements because that issue was never presented. *See id.* Further, subsequent to this Court's decision in *Allegheny Energy Supply*, our Supreme Court reiterated that strict compliance with the MPC's procedural requirements is mandatory. *Schadler*, 850 A.2d at 624. For these reasons, we disagree with the Township's suggestion that its substantial compliance with the notice and publication requirements was sufficient.

## IV. CONCLUSION

Here, the Township did not publish the full text of the proposed amendment in the local newspaper. It was therefore required to provide the full text to the newspaper and an attested copy to the county law library. *See* Section 610(a)

7

of the MPC, 53 P.S. § 10610(a).  It failed to do so.  The Township's failure to strictly comply with the notice and publication requirements set forth in Section 610(a) of the MPC render the proposed amendment void.  *Schadler*, 850 A.2d at 624.

Accordingly, we affirm.

**LORI A. DUMAS, Judge**

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Real Pro Enterprises, LP  :
and D.R. Horton, Inc.   :
          : No. 1347 C.D. 2021
    v.     :
          :
New Hanover Township,  :
    Appellant   :

# **O R D E R**

AND NOW, this 4th day of October, 2024, the order of the Montgomery County Court of Common Pleas, entered November 1, 2021, is AFFIRMED.

              _____
              **LORI A. DUMAS, Judge**