GERYVILLE MATERIALS,
INC., Appellant

v.

LOWER MILFORD TOWNSHIP ZON-
ING HEARING BOARD, Lower Mil-
ford Township, Lehigh County, Penn-
sylvania, and Don Weinberger.

Commonwealth Court of Pennsylvania.

Argued March 30, 2009.

Decided May 13, 2009.

Terry L. Parish, Reading, for appellant.

Margo S. Wiener, Allentown, for appellee, Lower Milford Township Zoning Hearing Board.

Emil W. Kantra, II, Center Valley, for appellee, Lower Milford Township.

John B. Rice, Perkasie, for appellee, Don Weinberger.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Geryville Materials, Inc. (Geryville) appeals an order of the Court of Common Pleas of Lehigh County (trial court) that affirmed a decision of the Zoning Hearing Board of Lower Milford Township (ZHB) denying Geryville's procedural challenge to the validity of certain of the Township's zoning and subdivision ordinances dating to 1967. For the reasons that follow, we affirm the decision of the trial court.

Geryville is the equitable owner of numerous parcels of land, consisting of 628.483 acres located in an Agricultural–Rural Zoning District in Lower Milford Township (the Township). In 2004, Geryville filed a request with the ZHB for a special exception that would allow it to use the property for quarrying and related activities, including, among other things, bituminous asphalt plant(s), concrete batch plant(s), construction company activities, equipment repair facilities, offices, retail sales, wholesale of stone, landscaping and related products, storage, parking and loading.

However, Geryville applied for, and received, several continuances of the application for a special exception seeking to stay consideration of that application while it brought a substantive challenge to the present zoning ordinance and a request for a curative amendment with the Township's Board of Supervisors.[1] Apparently, while Geryville's substantive challenge was still pending before the Board of Supervisors, our Supreme Court issued its decision in *Glen–Gery Corporation v. Zoning Hearing Board of Dover Township*, 589 Pa. 135, 907 A.2d 1033 (2006). In that case, our Supreme Court, analyzing the legal application known as the void ab initio doctrine, concluded that a party seeking to pursue a challenge in 2002 to ordinances enacted by Dover Township in 1995 and 1997 based upon alleged procedural defects in the enactment process could maintain such an action, despite statutory language limiting the right of a party to raise a procedural-defect challenge to a period of thirty days following the intended effective date of an ordinance. *See* 42 Pa.C.S. § 5571(c)(5). The Court noted that such challenge was proper, despite the statutory limitation pe-

---

1. The parties do not address the results of this substantive challenge and curative amend- ment request.

riod, where the legislative body that attempted to enact the ordinances did not strictly comply with the procedural requirements of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

In its brief to this Court, Geryville notes that, within approximately one week of the Supreme Court's issuance of that decision,[2] it filed the present validity challenges with the ZHB seeking a determination that ten Township land use ordinances (including both zoning and subdivision and land development ordinances) were void ab initio under the Supreme Court's analysis in *Glen–Gery.*[3]

The ZHB considered Geryville's challenge at numerous hearings.[4] During the course of those hearings, Geryville submitted numerous exhibits concerning the process of enactment relating to the ordinances it sought to challenge. The Township offered the testimony of several residents whose testimony generally indicated that they would not have purchased their property in the Township if the Township had not had a zoning ordinance in effect. The Township also submitted evidence into the record indicating that between 1967 and 2007, the Township had received and acted upon 2,966 permits or applications relating to land use approval under the ordinances in effect throughout this time period.

The ZHB made no specific findings regarding the actual process of enacting the challenged ordinances, other than to indicate that no procedural defects in the enactment procedure rendered the ordinances void ab initio. The ZHB noted that Geryville's claims were very broad and that under *Glen–Gery,* the void ab initio rule should not be applied where the citizenry has relied upon a law for an extensive period of time. Hence, with regard to any potential procedural defects, the ZHB determined that the reliance by the citizenry rendered the doctrine inapplicable with regard to all of the challenged ordinances. Based upon the foregoing, the ZHB denied Geryville's procedural challenges to the ordinances.[5]

Geryville appealed that decision to the trial court, which engaged in a more thorough evaluation of the individual zoning enactments that Geryville challenged. The Township and a resident, Don Weinberger, intervened before the trial court. The trial court closely examined the numerous specific defects Geryville had raised before the ZHB, and, in general, concluded that, even where Geryville had produced evidence with regard to the various defects supporting its position, the defects that Geryville had established were not so substantial as to constitute a violation of procedural due process. The trial court noted that the Township had established reliance upon the ordinances by citizens in the Township, and that *Glen–Gery* actually supported the ZHB's decision, noting that to hold the ordinances void ab initio would be unfair to residents and the Township as they had acted in reasonable reliance on the ordinances.

**2.** The Supreme Court issued its decision in *Glen–Gery* on September 28, 2006, and the date of filing indicated on Geryville's appeal to the ZHB is October 6, 2006.

**3.** Geryville eventually dropped its challenge to the earliest ordinance, Number 21, which was enacted in 1967.

**4.** The record indicates that the ZHB considered the challenges at hearings on the following dates: November 29, 2006, January 24, 2007, February 28, 2007, March 28, 2007, and May 23, 2007.

**5.** The ZHB issued its decision on June 26, 2007, but did not mail a copy of said decision to Geryville until July 2, 2007.

■ Geryville appealed that decision to this Court, raising the following issues:[6] (1) whether the ZHB's failure to mail its decision within one day of the date of the decision entitled it to a deemed approval of its proposed use of the property; (2) whether the lack of factual findings by the ZHB regarding the specific circumstances surrounding the enactment process of the challenged ordinances entitled it to an order sustaining its challenges to the ordinances; (3) whether the trial court adopted its own factual findings and consequently exceeded its review powers; (4) whether the ZHB's factual findings relating to the enactment process, or lack thereof, reflected a capricious disregard of competent evidence; (5) whether the process used to adopt the challenged ordinances consisted of defects rendering the challenged ordinances void ab initio; (6) whether the ZHB erred in concluding that the reliance suggested by the factual findings provided a sufficient basis upon which to reject the application of the void ab initio doctrine; (7) whether the ZHB Board erred in concluding that certain accepted deviations from statutory notice requirements did not constitute due process violations; and (8) whether an ordinance that is deemed to be void ab initio is capable of being amended.

■ Geryville first argues that it is entitled to a deemed approval of its validity challenges based upon the fact that the Board did not mail its decision until nearly a week after the date of its decision, an alleged violation of Section 908(10) of the MPC, which provides as follows:

> A copy of the final decision or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the day following its date.

53 P.S. § 10908(10).

Initially, we note that this Section of the MPC has no language regarding the consequence of a municipality's failure to comply. Secondly, we do not view this violation as automatically constituting a departure from the statutory requirement that rises to the level of a constitutional violation. Geryville has not pointed to any consequence of the late mailing that deprived it of due process. This Court has previously considered the same issue and concluded that this section is directory rather than mandatory. *Piecknick.*

■ Nevertheless, Geryville seems to suggest that the Court should reconsider this reasoning based upon our Supreme Court's decision in *Luke v. Cataldi*, 593 Pa. 461, 932 A.2d 45 (2007), which applied the void ab initio doctrine to actions taken by administrative tribunals. However, the facts in that case indicate that the administrative deviation at issue there concerned the due process right to be heard. The right to appeal an administrative decision may implicate a party's procedural due process rights; however, when a failure of an administrative tribunal causes such a violation, the remedy need not be so extreme as to void an otherwise valid adjudication. A failure of the process can be corrected with less extreme remedies. In a case such as this, if an administrative tribunal fails to mail a decision in a timely manner, a party prejudiced by such a failure would have alternative measures to cure this failure.

■ Geryville next argues that the failure of the ZHB to develop specific factual

---

**6.** This Court's standard of review of an order of a trial court affirming a ZHB decision when it takes no additional evidence is limited to considering whether the ZHB erred as a matter of law or abused its discretion. *Piecknick v. South Strabane Township Zoning Hearing Board*, 147 Pa.Cmwlth. 308, 607 A.2d 829 (1992).

findings relating to the deficiencies in the enactment process renders the decision one that is not reasoned. Specifically, Geryville argues that Section 908(9) of the MPC, 53 P.S. § 10908(9), requires a zoning board to include findings of fact with reasons for such findings. Based on this argument, Geryville asserts that it is entitled to have the ZHB's decision **reversed** for non-compliance. However, even if Geryville is correct in arguing that the ZHB failed to develop its factual findings with the necessary specificity, for the reasons that follow, we believe that this error is harmless. Furthermore, even if Geryville were correct in arguing that the ZHB erred by not making certain factual findings, the appropriate remedy would be to remand the case to the ZHB to develop such findings.

With regard to Geryville's argument that the trial court improperly rendered factual findings, we view the trial court's action as simply accepting Geryville's version of the facts for the purpose of analyzing the legal questions concerning the enactment processes relating to the challenged ordinances. In other words, the trial court gave Geryville the benefit of the doubt regarding the evidence it produced. Hence, the real problem Geryville perceived with the trial court's approach to its appeal are the legal conclusions the

trial court reached based upon Geryville's evidence.[7]

Geryville next argues that the defects in the enactment process reflected in the record, as well as in the trial court's decision, render the challenged ordinances void ab initio under our Supreme Court's decision in *Glen–Gery*. Geryville also argues that the reliance of the Township residents considered by the ZHB and the trial court in rejecting the application of the void ab initio doctrine provides an insufficient basis upon which to rely in applying the doctrine. In considering these questions, we will begin by reviewing our Supreme Court's guidance in *Glen–Gery*.

*Glen–Gery* involved solely the question of whether the time limitations in the MPC for challenging a procedural defect in the enactment process of an ordinance prohibited a party from later challenging its validity. In 2002, *Glen–Gery* sought to challenge two ordinances that Dover Township had adopted in 1995 and 1997, respectively. Hence, the two ordinances had been adopted seven and five years, respectively, before the challenge. In general, our Supreme Court held that when a legislative body enacts a law or ordinance, a party may challenge the validity of the ordinance, despite a statute limiting the time period for challenging the enactment process, if the party establishes an alleged procedural defect relating to notice or im-

7. However, we do disagree with the Township's position in this regard. Although there is case law supporting the Township's view that a trial court may make factual findings necessary for deciding the appeal when a zoning board has not made findings, Section 1005–A of the MPC, 53 P.S. § 11005–A, upon which those cases were decided, indicates that a trial court may make findings only where it takes additional evidence or when a zoning hearing board makes no findings. This is the interpretation this Court adopted in *Koutrakos v. Zoning Hearing Board of Newtown Township*, 685 A.2d 639, 641 (Pa.

Cmwlth.1996), wherein it stated that "[t]his statute clearly leads to the following propositions. First, a trial court properly makes its own findings if a record being reviewed by the court does not include findings, which we have determined to be the case here. Second, as is often noted in the case law, the court also acts appropriately in making its own findings if it takes additional evidence. Third, the court generally may be precluded from making its own findings if the record includes findings and the court does not take additional evidence." (Footnote omitted).

plicating due process in the enactment process. If successful in such a challenge, the subject law or ordinance is void in its entirety and inoperative, as if it had never existed.

However, the Court did recognize that courts from other jurisdictions sometimes hesitate in applying the doctrine and that this disinclination had "stemmed from the reliance on the part of one party but only where the due process rights of the citizenry will not be violated by its enforcement." *Id.*, 589 Pa. at 145, 907 A.2d at 1038–9. Also, the Court in *Glen–Gery* noted that "the doctrine is unfair when the void law has caused reliance." *Id.*, 589 Pa. at 145, 907 A.2d at 1039 (citation omitted). Further, the Court stated that "an unconstitutional statute is not absolutely void but its one-time existence is a practical reality upon which people have relied and courts should recognize that reality." *Id.*

The Court, in discussing the subject of reliance, quoted from its decision in *Schadler v. Zoning Hearing Board of Weisenberg Township*, 578 Pa. 177, 189, 850 A.2d 619, 627 (2004) (Schadler) as follows:

> The Township argues in the alternative that applying the holding of *Cranberry Park*[, 561 Pa. 456, 751 A.2d 165 (2000)] to this case would engender unsound policy by creating an unreasonable situation in which any ordinance enacted with any sort of technical deficiency would then be forever subject to challenge. We disagree. While it is true that an overly aggressive application of the principles behind *Cranberry Park* could inject excessive uncertainty into a township's zoning laws, there is no such threat here. The purpose of requiring compliance with the procedural requirements for enacting township ordinances is premised on the importance of notifying the public of impending changes in the law so that members of the public

may comment on those changes and intervene when necessary. While we may someday be presented with a case in which a procedurally defective ordinance has been 'on the books' and obeyed in practice for such a long time that public notice and acquiescence can be presumed, this is not such a case.

*Glen–Gery,* 589 Pa. at 146, 907 A.2d at 1039. The Court stated that "reliance is not at issue in the present matter and has not been raised or shown by the board; accordingly, we are left with only the substantial interest in upholding the procedural requirements designed to ensure the citizenry may challenge an ordinance." *Id.*

Despite these comments relating to circumstances in which otherwise void enactments remain valid, our Supreme Court did not reach the question of whether any reliance in that case would preclude the application of the doctrine. In fact, the Court in *Glen–Gery* stated that reliance was not an issue. Rather, the single and preliminary question the Court had to answer simply concerned whether the appellant therein could argue that the ordinance was void ab initio. Nevertheless, this dicta is helpful in our analysis.

The word "acquiescence" has been defined as "[a] person's tacit or passive acceptance" or "implied consent to an act." Black's Law Dictionary 23 (7th ed.1999). In the law, a presumption is defined as "[a] legal inference or assumption that a fact exists, based on the known or proven existence of some other fact or group of facts." *Id.* at 1203. Our Supreme Court also used the word "reliance," which is defined as "[d]ependence or trust by a person, esp. when combined with action based on that dependence or trust." *Id.* at 1293. Further, detrimental reliance is "[r]eliance by one party on the acts or representations of another, causing a worsening of the first party's position." *Id.* Of course, this type

of reliance refers generally to the principle applied in promissory estoppel cases, and, therefore, does not provide much guidance here.

In considering the language from *Schadler* and the Supreme Court's reference thereto in *Glen–Gery*, we understand that our Supreme Court had certain concerns about the application of the void ab initio doctrine, including that: (1) an overly aggressive application of the doctrine could result in excessive uncertainty; (2) the purpose of compliance with procedure is to ensure that the public will be able to make comments regarding proposed changes; and (3) where a presumption may be made that persons interested in the operation of an ordinance have acquiesced to the substance of the ordinance and, despite procedural infirmities, the ordinance has been accepted by property owners and applied by a municipality for a sufficiently long period of time, the application of the doctrine may not be appropriate. Further, the Court in *Glen–Gery*, while quoting the "acquiescence" language of *Schadler*, rejected an argument relating to "reliance," and concluded that Dover Township had neither shown reliance nor raised the issue, and, thus, did not delve into the question of how long residents and a municipality must abide by a procedurally defective ordinance to establish either reliance or "presumed acquiescence" such that the courts should not apply the void ab initio doctrine.

■ We note that, while the Supreme Court in both *Schadler* and *Glen–Gery* recognized potential exceptions to the application of the void ab initio doctrine, the Court in *Schadler*, citing *Cranberry Park* (in which the ordinance at issue had never been recorded in the township's ordinance book), suggested that, where a municipality fails to record an ordinance in its ordinance book, the ordinance cannot be said to have been "on the books" such as to provide the public with notice that would have enabled the public to acquiesce.[8] In 1995, the General Assembly repealed the former provision of the SCTC relating to recording ordinances, which the Court interpreted in *Cranberry Park*, and amended the recordation requirement provision to state that "the failure to record [an ordinance] within the time provided [shall not] be deemed a defect in the process of the enactment or adoption of such ordinance." Section 1601 of the SCTC, 53 P.S. § 66601(a). Hence, before the 1995 amendment, under *Cranberry Park*, our Supreme Court would not perceive any unrecorded ordinance as ever having been "on the books" for the purpose of considering whether acquiescence to an improperly enacted ordinance saved the ordinance from invalidation. Following the amendment noted above, we can reason that interested parties may not rely upon the failure to record as a basis to assert that no acquiescence to a potentially invalid ordinance occurred. However, in the pres-

8. *Cranberry Park* involved an applicant for a grading permit who had begun its grading operations before the municipality acted on the application. When the municipality denied the permit, the applicant asserted that the ordinance had never become effective because of defects in the enactment process. The alleged failure in the enactment process was that the municipality, contrary to Section 1601 of The Second Class Township Code (SCTC), Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 66601 (previously 53 P.S.

§ 65741), had never signed, dated, and more pointedly, recorded the ordinance. Based on those failures, the Court held that the ordinance could not have become effective until after recordation. Since the municipality had never recorded the ordinance, it never had an effective date that would have triggered the operation of the thirty-day limitation for procedural challenges. In that case, the municipality had adopted the ordinance in 1987 and the applicant challenged the ordinance eight years later, in 1995.

ent case, this distinction appears irrelevant, as the only challenge to the recording of the ordinances at issue relates to the two most recent enactments, and that challenge pertains only to the assertion that the Township's seal is not affixed to each page of the ordinance as recorded in the ordinance book. Hence, unlike *Cranberry Park*, these challenged ordinances were "on the books" in the sense that they had in fact been recorded in the Township's ordinance book.

Consequently, we next turn to the question of whether the notions of either reliance or acquiescence warrant our rejection of Geryville's assertion that the void ab initio doctrine should apply.

█ In order to reach a presumption that acquiescence has occurred, the Supreme Court indicated, in dicta in *Glen–Gery*, that the lapse of time of some indefinite amount, coupled with some indication that persons interested in land use in a municipality have obeyed the ordinances purported to have been enacted, would suffice to support a decision electing not to apply the void ab initio doctrine despite evidence of defects in the enactment process. In *Schadler*, the time between the purported enactment and the date of the challenge was only seven months. Although the ordinance at issue in *Cranberry Park* had been adopted eight years before the challenge, as the Supreme Court noted, that ordinance had not "been on the books" because the municipality had not recorded the ordinance in the ordinance book.

While the evidence consisting of the residents' reliance upon the existence of some of the ordinances in making decisions to acquire their Township property is compelling, we believe the strongest evidence in support of the Township's position goes to the question of acquiescence. The simple fact that no party has sought before to challenge the procedural process involved with these ordinance is a plain indication that interested parties have obeyed the ordinances. Moreover, in this case, the evidence the Township submitted is much stronger. In fact, the evidence herein does more than support a conclusion that we can "presume" acquiescence has occurred; said evidence actually supports a finding that acquiescence occurred. Indeed, this evidence established that the Township considered and issued nearly three thousand permits in accordance with the various ordinances adopted by the Township.

It takes little imagination to envision the sort of uncertainty that might arise if ordinances that have been applied and accepted for a long period of time are suddenly declared void.[9] In this case, at the time Geryville initiated its action, the challenged ordinances had been adopted approximately thirty-nine, thirty-three, twenty, eleven, six, and three years before, respectively. We cannot determine whether the reluctance of the Court in *Glen–Gery* to consider the issue of reliance or acquiescence with regard to the five and seven-year old ordinances at issue in that case stemmed from a conclusion that such ordinances had not been "on the books" long enough to reach a presumption that interested persons had acquiesced to the ordinance, thus rendering them valid notwithstanding the procedural defects, or simply that the municipality there had not shown reliance or acquiescence or even raised the issue of whether such potential

9. Similarly, from a reliance perspective, it takes little imagination to envision the sort of inequities/unfairness that would be imposed upon the Township's residents, all of whom innocently relied upon the applicable ordinances in choosing where to live and in seeking the aforementioned permits.

exceptions existed so as to preclude the application of the void ab initio doctrine.

In *Schadler,* our Supreme Court stated as follows:

> We are aware that the ordinance in *Cranberry Park* was enacted eight years before the contractor in that case filed its procedural challenge. However, as that ordinance was never subsequently recorded in the township ordinance book, it was never 'on the books' in such a way that the public could have had notice of or acquiesced in its terms.

578 Pa. at 190, 850 A.2d at 627, n. 11, . In other words, this language suggests that, where an ordinance is defectively enacted but has been "on the books" for eight years, public notice or acquiescence to the terms of the ordinance could in fact exist so as to preclude application of the doctrine.

With these observations in mind, we have little difficulty concluding that the ordinances Geryville has challenged that are more than eight years old have been "on the books" for a sufficiently long time to support a presumption that notice or acquiescence has occurred despite procedural irregularities. Moreover, the evidence of record, i.e., the nearly three thousand permits issued by the Township as well as the testimony of several Township residents, supports the ZHB's finding of such reliance and/or acquiescence.

The analysis is somewhat more complicated with regard to the newer ordinances, i.e., the two purported to have been enacted in 2000 and 2003. At the time of Geryville's 2006 challenge to these ordinances, they had been "on the books" for a period of only six and three years, respectively. As suggested in *Schadler,* a period of less than one year is insufficient to establish that public notice or acquiescence of a defectively enacted ordinance has occurred. These two latter ordinances fall within the middle ground between the ordinance at issue in *Schadler* and the ordinance discussed in *Cranberry Park.*

We cannot help but be guided by our Supreme Court's recognition in *Glen–Gery* of the potential chaos that would result within a community if its land use regulations are deemed to be invalid. If we were to reach the result urged by Geryville, we believe that the turmoil that might ensue would cause greater harm to all of those who have an interest in land use in the Township, and who have innocently relied upon the challenged ordinances, than would result by electing not to apply the void ab initio doctrine.[10]

10. We note that our General Assembly, in an apparent attempt to prevent the application of the void ab initio doctrine as established by the cases discussed herein, recently enacted Section 5571.1 of the Judicial Code, 42 Pa. C.S. § 5571.1 (effective July 4, 2008). Admittedly, this Section is not applicable here as the present case was initiated prior to its enactment. Nevertheless, we will briefly address the same. Section 5571.1 relates solely to appeals from ordinances, resolutions, maps and other municipal enactments. While referencing the thirty-day time period within which to raise questions "relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance ...," this Section notes an exception for appeals alleging that application of this thirty-day time limitation would result in an "impermissible deprivation of constitutional rights." See Section 5571.1(a)(1) and (c) of the Judicial Code, 42 Pa.C.S. §§ 5571.1(a)(1) and (c), respectively. Furthermore, with respect to appeals filed more than two years after the intended effective date of an ordinance, Section 5571.1(d)(2) specifically creates a presumption that "the political subdivision involved and residents and landowners within the political subdivision shall be presumed to have substantially relied upon the validity and effectiveness of the ordinance" at issue. 42 Pa.C.S. § 5571.1(d)(2). Section 5571.1(e) sets forth the burden of proof on the party seeking to rebut this presumption, essentially indicating that an ordinance will not be found

Accordingly, the order of the trial court is affirmed, albeit on alternative grounds as set forth in this opinion.[11]

Judge COHN JUBELIRER did not participate in this decision.

***ORDER***

AND NOW, this 13th day of May, 2009, the order of the Court of Common Pleas of Lehigh County is affirmed.

---

to be void ab initio unless said party establishes that "there was a failure to strictly comply with statutory procedure," that such failure "resulted in insufficient notification to the public of impending changes in or the existence of the ordinance" and that "there exist facts sufficient to rebut any presumption that may exist pursuant to subsection (d)(2)...." *See* Section 5571.1(e)(2)(i)-(iii), 42 Pa.C.S. § 5571.1(e)(2)(i)-(iii).

11. Based upon our conclusions above, we need not address the remaining issues Geryville has raised, including the question of whether the trial court and the ZHB erred in concluding that the alleged defects, where established, do not implicate the void ab initio doctrine.