# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michelle Vonnieda-Lagrassa and Beth Bathe | : | |
| | : | |
| | : | No. 1159 C.D. 2024 |
| v. | : | |
| | : | Submitted: March 3, 2026 |
| City Council of the City of Lancaster, located in Lancaster County, Pennsylvania, | : | |
| | : | |
| | : | |
| Appellant | : | |

BEFORE:   HONORABLE LORI A. DUMAS, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                **FILED:  April 14, 2026**

City Council of the City of Lancaster, located in Lancaster County, Pennsylvania (City Council), appeals from the order entered by the Court of Common Pleas of Lancaster County (Common Pleas) on August 29, 2024. Through that order, Common Pleas declared that the City of Lancaster's (City) Administrative Ordinance No. 02-2024 (AO), which amended the City's Shade Tree Ordinance, was void *ab initio* and denied the parties' respective requests for attorney's fees. Upon review, we affirm Common Pleas' order in part, vacate the order in part, and remand this matter for proceedings consistent with this opinion.

# I. BACKGROUND[1]

In early February 2024, City Council began considering proposed amendments to the City's Shade Tree Ordinance. These amendments would, *inter alia*, define the phrase "encroaching tree" and clarify that property owners could obtain permits from the City's Department of Public Works (Department) that would allow them to trim, prune, and/or remove such encroachment caused by trees located on neighboring properties. On February 13 and February 27, 2024, City Council held hearings regarding the proposed amendments. Michelle Vonnieda-Lagrassa and Beth Bathe (collectively, Residents) participated in both of these hearings, expressing their opposition to the proposal due to their concerns about how these changes would affect their properties' trees. *See* Vonnieda-Lagrassa's Br. at 5.[2] Ultimately, City Council voted in favor of adopting the AO during its February 27, 2024 hearing.

On March 15, 2024, Residents filed a *pro se* "Notice of Appeal from the Decisions of the City Council of the City of Lancaster" (Notice of Appeal) in Common Pleas. Therein, they argued that City Council had enacted the AO in a manner that failed to comply with the procedural requirements[3] imposed via the

---

[1] We draw the bulk of this section's substance from Common Pleas' opinion. *See generally* Common Pleas Op., 8/29/2024.

[2] Bathe did not join this brief and did not file one of her own.

[3] Common Pleas had jurisdiction over Residents' appeal by virtue of Section 5571.1 of the Judicial Code, which reads as follows, in relevant part:

(a) Applicability; court of common pleas.--

(1) This section shall apply to any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision.

**(Footnote continued on next page…)**

2

Sunshine Act[4] and the Third Class City Code.[5] Residents then filed a "Motion for Special and Preliminary Injunction" on March 27, 2024, through which they requested that Common Pleas declare the AO void *ab initio* due to City Council's purported violation of the Sunshine Act, enjoin City Council from issuing any permits pursuant to the amended Shade Tree Ordinance, and permanently enjoin City Council from enforcing the amended Shade Tree Ordinance until it had complied with all relevant portions of the Sunshine Act, including those relating to the publication of hearing notices. City Council responded on April 2, 2024, by requesting a conference on the matter,[6] and then filed preliminary objections regarding the Notice of Appeal on April 7, 2024.

Common Pleas held the requested conference on May 2, 2024, after which it directed the parties to submit briefs that addressed whether City Council had enacted the AO in a legally valid manner and, in addition, indefinitely postponed holding a hearing regarding Residents' injunction requests. Following the submission of briefs, Common Pleas issued the aforementioned order on August 29, 2024. In its accompanying opinion, Common Pleas explained that the hearing notice published by City Council did not describe the AO in reasonable detail, in violation

---

(2) An appeal pursuant to this section shall be to the court of common pleas.

(b) Appeals of defects in statutory procedure.--

(1) Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance.

42 Pa.C.S. § 5571.1(a)-(b)(1).

[4] 65 Pa.C.S. §§ 701-716.

[5] 11 Pa.C.S. §§ 10101-14702.

[6] As explained by Common Pleas, the local rules of civil procedure "permit[] a party to ask for a conference with the court if the party believes [a land use] appeal is not ready for disposition." Common Pleas Op., 8/29/2024, at 2 n.3 (citing Lancaster Cnty. L.R.Civ.P. No. 27D).

of the Third Class City Code, and therefore had not provided City residents with sufficient information regarding the changes the AO would make to the existing Shade Tree Ordinance. Additionally, Common Pleas determined that the Sunshine Act had not been violated in this instance, because the record evidence did not establish that nonpublic deliberations had taken place regarding the AO. Accordingly, Common Pleas declared the AO void *ab initio*[7] under the Third Class

[7] As we previously explained in a similar matter:

> "The doctrine of void *ab initio* is a legal theory stating that a statute held unconstitutional is void in its entirety and is treated as if it had never existed." *Hawk v. Eldred Twp. Bd. of Supervisors,* 983 A.2d 216, 219 n. 1 (Pa. Cmwlth. 2009).
>
> . . .
>
> The void *ab initio* doctrine applies only to "claims that implicate notice, due process, or other constitutional rights of a party." *Glen-Gery v. Zoning Hr'g Bd. of Dover Twp.,* 907 A.2d 1033, 1037 n. 5 (Pa. 2006). This Court has stated that "statutory notice and publication requirements are to ensure the public's right to participate in the consideration and enactment of municipal land use decisions. In other words, the notice provisions protect procedural due process." *In re McGlynn,* 974 A.2d 525, 532 (Pa. Cmwlth. 2009) (citation omitted). "The fundamental components of procedural due process are notice and opportunity to be heard." *Id.,* 974 A.2d at 531. It requires that the public is notified of impending ordinance changes, and may comment and intervene if they so choose. *Schadler v. Zoning Hr'g Bd. of Weisenberg Twp.,* 850 A.2d 619 (Pa. 2004).
>
> The Pennsylvania Supreme Court has consistently declared that "statutory steps for enactment of ordinances are *mandatory and nonwaivable. . . .* [and] *must be followed strictly in order for an ordinance to be valid." Cranberry Park Assocs. ex rel. Viola v. Cranberry Twp. Zoning Hr'g Bd.,* 751 A.2d 165, 168 (Pa. 2000) (quoting *Lower Gwynedd Twp. v. Gwynedd Props., Inc.,* 591 A.2d 285, 286-87 (Pa. 1991)).

*Nockamixon Twp. v. Nockamixon Twp. Zoning Hearing Bd.*, 8 A.3d 434, 441 (Pa. Cmwlth. 2010) (cleaned up and emphasis in original).

City Code and denied the parties' respective requests for attorney's fees under the Sunshine Act. City Council then appealed that decision to our Court.

## II. DISCUSSION[8]

City Council offers several arguments on appeal, which we reorder and summarize as follows. First, City Council asserts that Common Pleas erred by determining that the aforementioned published notice did not describe the AO in reasonable detail, such that the notice did not provide the general public with sufficient advance information regarding the changes the AO would make to the Shade Tree Ordinance. Second, City Council maintains that Common Pleas erred by failing to articulate precisely what kind of information is needed in a notice of this type to be deemed sufficiently detailed. Third, City Council states that Common Pleas' decision contravenes the Sunshine Act's legislative intent, because Residents learned in advance about City Council's AO hearing through newspaper articles, rather than through the published hearing notice, as well as because the AO hearing agenda provided additional details regarding the AO's substance. Finally, City Council contends that Common Pleas erred by failing to award it attorney's fees, due to mandatory language in the Sunshine Act and the allegedly frivolous and unjustified nature of Residents' challenge to the AO. *See* City Council's Br. at 14-35.

With regard to City Council's first argument, Section 11018.9 of the Third Class City Code sets forth the following relevant requirements:

> (a) Publication required.--A proposed ordinance, except as
> otherwise provided in this chapter, shall be published in a

---

[8] Our standard of review in an appeal of this nature is limited to determining whether Common Pleas abused its discretion or committed an error of law. *See Messina v. E. Penn Twp.*, 995 A.2d 517, 525 (Pa. Cmwlth. 2010).

5

newspaper of general circulation not more than 60 days nor fewer than seven days prior to enactment.

(b) Contents.--

(1) Except as otherwise provided by law, the publication of a proposed ordinance shall include either:

(i) the full text; or

(ii) the title and a summary of the ordinance setting forth the provisions in reasonable detail and a reference to a place within the city where copies of the proposed ordinance may be examined.

11 Pa.C.S. § 11018.9(a)-(b)(1)(ii). "Reasonable detail" is not defined in the Third Class City Code and the courts have yet to elucidate its definition through case law. However, we have done so for a similar requirement imposed via Section 610(a) of the Pennsylvania Municipalities Planning Code[9] regarding the publication of notice about proposed zoning ordinances and amendments. In that context, we concluded that a published notice contains "reasonable detail" when it "disclos[es] enough information to make the public aware of the ordinance proposal and where to obtain an attested copy of the full text of the ordinance." *Streck v. Lower Macungie Twp. Bd. of Comm'rs*, 58 A.3d 865, 878 (Pa. Cmwlth. 2012). We further explained that "[t]he 'reasonable detail' standard does not give a reviewing court a license to flyspeck an ordinance summary. To so hold would require municipalities to publish

---

[9] This provision mandates, in relevant part, that:

The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than 7 days prior to passage. Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail.

Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10610(a).

the entire text of an ordinance, which is a result [the General Assembly] sought to avoid with the summary option." *Id.* In other words, we concluded that a published notice is reasonably detailed where it contains either the entire proposed ordinance *or* its title and enough information to give the general public an adequately comprehensive understanding of the alterations and/or additions to the municipal legal framework that would be made via the ordinance's enactment. We conclude that the *Streck* Court's definition of "reasonable detail" is both correct and broadly applicable to other similar statutory requirements and, therefore, adopt it for use with regard to Section 11018.9.

Applying this definition to the instant matter, we conclude that Common Pleas did not err or abuse it discretion when it determined that the notice published by City Council was not reasonably detailed. Though City Council was not required to present the AO's full text, it did need to provide information therein that was specific enough to make the public aware of the substantive changes that the proposed amendments would make to the Shade Tree Ordinance. This notice, which was published on February 19, 2024, in the LNP (a local newspaper), reads as follows, in relevant part:

> NOTICE OF ACTION BY THE CITY OF LANCASTER
>
> At the scheduled public meeting of the Lancaster City Council to be held on Tuesday, February 27, 2024, at 6:30 p.m., or at a later meeting, in the Council Chambers, City Hall Annex, 120 North Duke Street, Lancaster, Pennsylvania, the Council will vote whether to adopt the following ordinances:
>
> . . . .
>
> 2. An ordinance of the Lancaster City Council amending Chapter 273 of the Code of the City of Lancaster - Trees to add a definition for encroaching tree and provide for permits under Chapter 273 to be issued by the Department [].

7

> The first reading of these proposed ordinances occurred Tuesday, February 13, 2024 at a regularly scheduled City council meeting. If adopted, these ordinances shall provide for the repeal of inconsistent ordinances, provide for severability of the ordinance and take effect as provided by Pennsylvania law. Copies of these bills may be obtained at the office of the City Clerk, 120 North Duke Street, and the Lancaster County Law Library, 50 North Duke Street.

Published Notice, 2/19/2024, at 1. This published summary clearly informed the general public that enacting the AO would add a definition for "encroaching tree" to the Shade Tree Ordinance. However, as recognized by Common Pleas, the summary *did not* indicate that enactment would shift permitting duties from the City's arborist to the Department, or that maintenance of encroaching trees would no longer be governed by the City's Tree Manual, thereby eliminating the then-extant requirement that such maintenance not harm the affected tree. *See* Common Pleas Op., 8/29/2024, at 15-18. Rather, this notice indicated, in exceptionally vague terms, that the Department would be vested with authority to issue some sort of permits pursuant to the Shade Tree Ordinance, without providing any explanation about what that new permitting authority would allow or linking that authority to the new encroaching tree definition. This notice was thus not reasonably detailed and did not comply with the requirements imposed upon City Council via Section 11018.9 of the Third Class City Code. Accordingly, we conclude that Common Pleas properly ruled that the AO and the amendments made thereby to the Shade Tree Ordinance were void *ab initio*. *See Schadler*, 850 A.2d at 623-27 (municipality's failure to comply with all mandatory pre-enactment procedural requirements renders affected ordinance void *ab initio*).[10]

---

[10] We also note more generally that the published notice failed to indicate that enactment of the AO would expressly authorize property owners to remediate encroachment caused by **(Footnote continued on next page…)**

8

City Council's second and third arguments are similarly unavailing. With regard to the second argument, Common Pleas' failure to articulate a clear standard or test for "reasonable detail" is at most harmless error, because the lower court's determination was ultimately correct and we have articulated the proper standard here. As for the third argument, City Council's public policy concerns are both moot and misplaced, because Common Pleas did not invalidate the AO due to noncompliance with the Sunshine Act and, in fact, expressly determined that no Sunshine Act violation had occurred. *See* Common Pleas Op. at 18-20.

Finally, we conclude that Common Pleas did not properly adjudicate City Council's argument that it should be awarded attorney's fees. City Council asserts that it is entitled to such fees, because Residents' Sunshine Act-based challenge to the AO was both frivolous and brought without substantial justification. *See* City Council's Br. at 30-35.[11] Though, to reiterate, Common Pleas concluded that the Sunshine Act had not been violated in this instance, it summarily denied City Council's fee request without making any predicate determinations regarding whether Residents' Sunshine Act claim was frivolous or substantially unjustified. Accordingly, a remand is necessary, so that Common Pleas can correct this oversight.

---

neighboring properties' trees. It is true, as City Council accurately points out, that property owners have a common law right to remove such encroachments. City Council's Br. at 21; *see Koresko v. Farley*, 844 A.2d 607, 612, 617 (Pa. Cmwlth. 2004) (cleaned up) ("[O]verhanging tree branches are a trespass. A landowner has the right to compel removal of overhanging branches or engage in self-help. . . . In Pennsylvania, encroaching tree parts are a trespass which a landowner may remove. Neighbors have no right to maintain the encroachment, and they have no right to damages to encroaching tree parts."). However, City Council fails to explain why the published notice did not state or intimate that the AO would codify that common law right.

[11] Section 714.1 of the Sunshine Act provides, in relevant part: "If the court finds that the legal challenge was of a frivolous nature or was brought with no substantial justification, the court shall award the prevailing party reasonable attorney fees and costs of litigation or an appropriate portion of the fees and costs." 65 Pa.C.S. § 714.1.

9

### III. CONCLUSION

In accordance with the foregoing opinion, we vacate Common Pleas' order to the extent it denied City Council's request for attorney's fees pursuant to the Sunshine Act, otherwise affirm Common Pleas' order, and remand with instructions that Common Pleas appropriately address City Council's attorney's fees request.

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle Vonnieda-Lagrassa      :
and Beth Bathe              :
                            :    No. 1159 C.D. 2024
        v.              :
                            :
City Council of the City of Lancaster,    :
located in Lancaster County,          :
Pennsylvania,                     :
            Appellant      :

## O R D E R

AND NOW, this 14th day of April, 2026, it is hereby ORDERED:

1. The Court of Common Pleas of Lancaster County's (Common Pleas) order, dated August 29, 2024, is VACATED to the extent that order denied City Council of the City of Lancaster, located in Lancaster County, Pennsylvania's (City Council), request for attorney's fees pursuant to the Sunshine Act, 65 Pa.C.S. §§ 701-716;

2. Common Pleas' order is otherwise AFFIRMED;

3. On remand, Common Pleas shall appropriately address City Council's attorney's fees request, specifically with regard to whether Michelle Vonnieda-Lagrassa and Beth Bathe's Sunshine Act-based challenge to the City of Lancaster's Administrative Ordinance No. 02-2024 was frivolous and/or substantially unjustified.

Jurisdiction relinquished.

**LORI A. DUMAS, Judge**